IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DESHAUN JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0186-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Deshaun Johnson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On September 30, 2005, petitioner pled guilty to aggravated robbery with a deadly weapon and was sentenced to 18 years confinement. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Johnson*, WR-70,398-01 (Tex. Crim. App. Aug. 20, 2008). The second application was dismissed as successive. *Ex parte Johnson*, WR-70,398-04 (Tex. Crim. App. Jan. 14, 2009). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) the trial court erred in making a deadly weapon finding; (2) he is actually innocent of using or exhibiting a deadly weapon during the commission of the offense; and (3) the prosecutor failed to disclose exculpatory evidence.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on April 23, 2009. The court now determines that the habeas petition is time-barred and should be dismissed.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 18 years in prison for aggravated robbery with a deadly weapon. Judgment was entered on September 30, 2005, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on October 31, 2005.[1] *See* TEX. R. APP. P. 26.2(a)(1). Petitioner filed two applications for state post-conviction relief. The first application was filed on November 7, 2007, and denied on August 20, 2008. The second application was filed on October 20, 2008, and dismissed on January 14, 2009. Petitioner filed this action in federal court on January 21, 2009.

The AEDPA statute of limitations started to run on October 31, 2005, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *two years* before seeking habeas relief in state or federal court. Petitioner makes no attempt to excuse this delay. Instead, he argues that his claims are of a "Constitutional magnitude dealing with both the Due Process and Equal Protection clauses of the fourteenth amendment." (*See* Pet. Reply at 2, ¶ II). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Moore v. Johnson*, No. 3-01-CV-0482-D, 2001 WL 1041798 at *2 (N.D. Tex. Aug. 31, 2001), *COA denied*, No. 01-11223 (5th Cir. Apr. 10, 2002) (petitioner not entitled to equitable tolling just because "her claim reaches a question of Constitutional Magnitude"). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v.*

---

[1] The 30th day after judgment was entered fell on Sunday, October 30, 2005. As a result, petitioner had until the following Monday, October 31, 2005, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

*Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, (N.D. Tex. Jan. 25, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).

Petitioner further argues that the court lacks jurisdiction to raise the limitations issue *sua sponte*. Under Rule 4 of the Rules Governing Section 2254 Cases, the court has a duty to "screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), *quoting* Rule 4, Adv. Comm. Notes. The Fifth Circuit has held that this rule allows district courts to raise the issue of limitations on its own motion and to summarily dismiss an untimely habeas petition. *See id.* at 329. Petitioner was given an opportunity to file a reply explaining why this case is not time-barred. *See* Order, 2/17/09. Because he has failed to offer such an explanation, the court determines that this case should be summarily dismissed on limitations grounds.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   April 30, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE